## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

ION DUMITRACHE,

        Plaintiff,

v.                                                      Case No:  2:14-cv-226-FtM-29CM

WAL-MART STORES INC,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of the file.  Plaintiff Ion Dumitrache initiated this action on October 10, 2013 in the United States District Court for the Northern District of Illinois by filing, through counsel, a two-count Complaint seeking damages for personal injuries Plaintiff alleges he suffered while on the premises of Defendant's distribution center located in Arcadia, Florida.  Doc. 4.  For the reasons set forth herein, the Court recommends that this action be dismissed without prejudice for failure to prosecute.

### I.    Background

While the case was pending in the Northern District of Illinois, Defendant Wal-Mart Stores Inc. ("Wal-Mart") filed a Motion for Change of Venue, requesting that the case be transferred to the Middle District of Florida, the district in which Defendants asserted venue was proper.  Doc. 21.  Defendant's motion was granted,

---

[1] Failure to file written objections to the proposed findings and recommendations contained in this report within **fourteen (14)** days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

and the case was transferred to this Court on April 17, 2014.   Docs. 32, 33.   No activity occurred in the case, other than Court entries, until July 11, 2014, when counsel for Defendant filed a Notice of Appearance, and July 28, 2014, when counsel for Defendant filed a Motion to Dismiss for Failure to Comply with a Court Order and Failure to Prosecute.[2]   Docs. 39, 40.   While Defendant's motion to dismiss remained pending, Plaintiff filed a Notice of *Pro Se* Appearance and Motion to Appoint Counsel, and Plaintiff's counsel filed a Motion to Withdraw.   Docs. 43, 44.

The Court found good cause and granted Plaintiff's counsel's motion to withdraw, because they are not members of the bar of this Court, stated that an "irretrievable breakdown" had occurred between counsel and Plaintiff, and no case management deadlines would be affected since the parties had not yet completed the required case management meeting.   Doc. 45; *see also* Doc. 44 at 2.   Plaintiff's Motion to Appoint Counsel was denied without prejudice, upon the Court finding that "[t]he facts and legal issues presented . . . are not 'so novel and complex as to require the assistance of a trained practitioner' and Plaintiff has failed to show that his case 'constitutes an exceptional circumstance' warranting the appointment of counsel." Doc. 45 at 4 (quoting *Jones v. Salley*, No. 2:12-cv-510-FtM-29DNF, 2013 WL 1277892, *2 (M.D. Fla. Mar. 28, 2013)).   Plaintiff was provided until October 31, 2014 to retain new counsel, who was directed to file a notice of appearance by that date, and within

---

[2] Defendant's Motion to Dismiss ultimately was denied by the Court on September 12, 2014, upon finding that, at the time, the circumstances of this case did not warrant the harsh sanction of dismissal.   Doc. 46.

fourteen days from that date, the parties were ordered to meet and confer for the purpose of filing a Case Management Report.   Doc. 45 at 6.

On December 1, 2014, the Court entered an Order to Show Cause, requiring Plaintiff to show cause in writing on or before December 31, 2014 why the parties failed to meet and confer on or before November 14, 2014, as required by the Court's prior Order, because no Case Management Report was filed and there was no indication that the parties completed a case management meeting.[3]   Doc. 47 at 1. Plaintiff was cautioned that a failure to respond to the Order to Show Cause within the time permitted "will result in the Court recommending that this action be dismissed for failure to prosecute."   *Id.* at 2.   To date, Plaintiff neither has filed a response nor requested an extension of time for doing so, and no Case Management Report has been filed and there still is no indication that the parties have completed a case management meeting.

## II.   Discussion

The Middle District of Florida Local Rules state:

> Whenever it appears that any case is not being diligently prosecuted the Court may, on motion of any party or on its own motion, enter an order to show cause why the case should not be dismissed, and if no satisfactory cause is shown, the case may be dismissed by the Court for want of prosecution.

M.D. Fla. R. 3.10(a).

---

[3]   The Court also ordered Plaintiff to show cause why he failed to file a notice that he intends to proceed *pro se*, or retain new counsel, but because Plaintiff filed a Notice of *Pro Se* Appearance as part of his Motion to Appoint Counsel, see Doc. 43, the Court is not recommending that this matter be dismissed on that basis.

Here, Plaintiff has failed to respond to the Court's Order to Show Cause and inform the Court why the parties have not completed a case management meeting and filed a Case Management Report.   Although Plaintiff now is proceeding *pro se*, he still is required to conform to the Federal Rules of Civil Procedure and Local Rules. *See Dash v. Chasen*, 503 Fed. Appx. 791, 795 n.1 (11th Cir. 2013) (explaining that *pro se* litigants still are required to conform to procedural rules).   Plaintiff has not offered a reason for the parties' failure to complete a case management meeting and file a Case Management Report, and he has not responded to the Court's two previous Orders.   He also was cautioned that failure to comply with the Court's prior Order and failure to show cause within the time permitted would result in the Court recommending that this action be dismissed.

### III.   Conclusion

Since he case was transferred to this Court in April 2014, Plaintiff has failed to diligently pursue this action by failing to complete the case management meeting and file a Case Management Report, even though he was permitted additional time during which to do so.   Moreover, he has failed to respond to the Court's two prior Orders, including an Order to Show Cause requiring Plaintiff to show why he failed to file a Case Management Report and cautioning Plaintiff that the Court would recommend dismissal if he again failed to respond.   Thus, pursuant to Local Rule 3.10(a), the Court recommends that this matter be dismissed without prejudice for failure to prosecute.

ACCORDINGLY, it is respectfully **RECOMMENDED:**

1.     That this action be **DISMISSED** without prejudice pursuant to Middle District of Florida Local Rule 3.10(a).

2.     That the Clerk be directed to close the file.

**DONE** and **ENTERED** in Fort Myers, Florida on this 7th day of January, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:

The Honorable John E. Steele
*Pro se* Plaintiff
Counsel of record